Blackwell, Justice, concurring.
The General Assembly has determined as a matter of public policy that requiring some sexual offenders to wear electronic monitoring devices linked to a global positioning satellite system promotes public safety, and it enacted OCGA § 42-1-14 (e) to put that policy into practice. The Court today decides that subsection (e) is unconstitutional, and I concur fully in that decision, which is driven largely by our obligation to faithfully apply the principles of law set forth by the United States Supreme Court in Grady v. North Carolina, --- U.S. ----, 135 S.Ct. 1368, 191 L.Ed.2d 459 (2015). I write separately, however, to emphasize that our decision today does not foreclose other means by which the General Assembly might put the same policy into practice.[1]
Our decision rests in significant part on the fact that subsection (e) requires some sexual offenders to submit to electronic monitoring even after they have completed the service of their sentences. But nothing in our decision today precludes the General Assembly from authorizing life sentences for the worst sexual offenders, and nothing in our decision prevents the General Assembly from requiring a sentencing court in the worst cases to require GPS monitoring as a condition of permitting a sexual offender to serve part of a life sentence on probation. Indeed, Georgia law already provides that persons convicted of forcible rape, felony aggravated child molestation, felony aggravated sodomy, and aggravated sexual battery must be sentenced to either imprisonment for life or imprisonment for a term of years followed by probation for life. OCGA § 17-10-6.1 (b) (2). And Georgia law already provides that a sentencing court may require as a condition of probation that an offender "[w]ear a device capable of tracking the location of the probationer by means including electronic surveillance or global positioning satellite systems." OCGA § 42-8-35 (a) (14). Nothing in our decision today calls the constitutionality of these sentencing laws into question. Likewise, nothing in our decision precludes the General Assembly from considering whether the statutory requirement of life sentences for certain sexual offenses ought to be extended *159 to other offenses and other offenders or whether GPS monitoring ought to be absolutely or presumptively required in certain cases as a condition of probation.
To be sure, there are limits to this approach. For instance, statutes that expose offenders to greater punishments can be constitutionally applied only prospectively, and no criminal sentence can constitutionally impose cruel and unusual punishment. But our decision today does not foreclose the possibility that the General Assembly could (at least prospectively) authorize or require that the worst sexual offenders be subjected to GPS monitoring for life as a condition of a sentence of probation for life.[2]
I am authorized to state that Justice Boggs, Justice Bethel, and Judge J. Wade Padgett join this concurring opinion.

It also should be emphasized that nothing in our decision today precludes the enforcement of other provisions of the Sexual Offender Registration Review Board Act, OCGA § 42-1-12 et seq., including its registration requirements (OCGA § 42-1-12 (f) ) and its provisions limiting the places to which certain sexual offenders may go (OCGA § 42-1-15 ).

It may also be possible for the General Assembly to revise the Sexual Offender Registration Review Board Act to provide constitutionally for the GPS monitoring of certain sexual offenders. With respect to the potential rehabilitation of the Act, however, it is worth noting that other serious constitutional concerns about the Act separate and apart from the constitutional problem that forms the basis of our decision today have been raised in this and other cases. Our decision expresses no opinion about whether those other concerns are well-founded.